IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD RIGHTMIRE,

    Petitioner,

v.                              CASE NO.  4:14cv103-RH/CAS

STATE OF FLORIDA,

    Respondent.

_____/

**ORDER DENYING THE PETITION AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

    By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Richard Rightmire challenges his Florida state-court conviction on 14 counts arising from his sexual relationship with an underage girl. Mr. Rightmire went to trial, apparently believing he could be acquitted based on the girl's alleged consent. As Mr. Rightmire's attorney correctly advised him, consent is no defense to charges of this kind.

    The petition is before the court on the magistrate judge's report and recommendation, ECF No. 17, and the objections ECF No. 18. I have reviewed de

novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

One of the 14 convictions was for promoting a "sexual performance" by a child in violation of Florida Statutes § 827.071. The statute defines a "performance" as "any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience." Fla. Stat. § 827.071(1)(c). Here Mr. Rightmire made a photograph showing the child engaged in sexual activity, but there was no evidence that the photograph was shown to anyone other than the child and Mr. Rightmire himself.

In claims 11 and 13, Mr. Rightmire asserts trial-court error and ineffective assistance of counsel arising from the allegedly improper treatment of the word "audience." The claims fail for the reasons set out in the report and recommendation and for the additional reasons set out in this order.

The court did not grant a judgment of acquittal based on the lack of evidence that the photograph was shown to any third person. The original jury instructions did not define the term "audience." When the jury asked what the term meant, the court said the jurors should apply their ordinary understanding of the term.

The denial of a judgment of acquittal was correct. Under Florida law, the term "audience" includes not only a third person but also the defendant himself. *See, e.g.*, *Bishop v. State*, 46 So. 3d 75, 79 (Fla. 5th DCA 2010) ("Florida courts

have uniformly construed section 827.071 to permit a conviction even where the [depiction] of the child's engagement in sexual conduct is not shown to third persons."). And while the jury instructions probably should have said this rather than leaving the definition of the term to the jury, the court's approach *favored*—it did not prejudice—Mr. Rightmire. Mr. Rightmire's attorney did not render ineffective assistance by acquiescing in jury instructions that were more favorable to Mr. Rightmire than an accurate statement of the law would have been.

Mr. Rightmire is not entitled to relief.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Rightmire has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is accepted.

    2. The clerk must enter judgment stating, "The petition is denied with prejudice."

    3. A certificate of appealability is denied.

    4. The clerk must close the file.

SO ORDERED on December 28, 2016.

                      s/Robert L. Hinkle
                      United States District Judge